UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KOALDON KERR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-01289-TWP-TAB |
| | ) | |
| NORFOLK SOUTHERN CORPORATION, | ) | |
| and ERIC WATKINS, | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY ON JURISDICTION

It has come to the Court's attention that Defendant's Notice of Removal fails to allege all of the facts necessary to determine whether this Court has subject matter jurisdiction over this case. The Notice of Removal states that this Court has jurisdiction based upon diversity of citizenship. However, the Notice of Removal fails to sufficiently allege jurisdictional prerequisites. Citizenship is the operative consideration for jurisdictional purposes. *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction"). Jurisdictional allegations must be made on personal knowledge, not on information and belief, to invoke the subject matter jurisdiction of a federal court. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (only a statement about jurisdiction "made on personal knowledge has any value," and a statement made "'to the best of my knowledge and belief' is insufficient" to invoke diversity jurisdiction "because it says nothing about citizenship"); *Page v. Wright*, 116 F.2d 449, 451 (7th Cir. 1940) (an allegation of a party's citizenship for diversity purposes that is "made only upon information and belief" is unsupported).

The Notice of Removal alleges, "Upon information and belief, the matter in controversy, at the time of commencement of this action and at the present, exceeds the sum or value of $75,000, exclusive of interest and costs." (Filing No. 1 at 2.) It further alleges, "Upon information and belief, Plaintiff is a resident of Fountain County, Indiana." *Id.* These allegations made "upon information and belief" are not sufficient to support jurisdiction, and the allegation of residency, not citizenship, is insufficient to allow the Court to determine whether diversity jurisdiction exists.

As the party asking this Court to invoke its jurisdiction, Defendant must properly allege the jurisdictional prerequisites to establish subject matter jurisdiction. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009); *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). Therefore, the Defendant is **ORDERED** to file a Supplemental Jurisdictional Statement that establishes the Court's jurisdiction over this case. This statement should specifically identify the citizenship of the parties and the amount in controversy. This jurisdictional statement is due **fourteen (14) days** from the date of this Entry.

    **SO ORDERED.**

Date: 7/6/2022

                                        Hon. Tanya Walton Pratt, Chief Judge
                                        United States District Court
                                        Southern District of Indiana

Distribution:

David A. Locke
STUART & BRANIGIN LLP
dal@stuartlaw.com

Steven Edward Willsey
STEVEN E. WILLSEY
steve@willseylaw.com